IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUIS MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-777-GMS |
| | ) |
| WARDEN RAPHEAL WILLIAMS, | ) |
| SUPERVISOR JILL WALTERS, and | ) |
| MEDICAL COMMITTEE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Marquis Mason ("Mason"), an inmate at the Howard R. Young Correctional Institution ("HRYCI), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Mason's complaint contains numerous allegations. In general, he complains about prison life. For example, he alleges that he has put in numerous sick call slips and has yet to been seen by medical, he has been in the hole for four months longer than his penalty phase, the facility has stopped his mail, there is no fresh air, fresh water or call buttons in the hole. (D.I. 2.) Mason also asks if he can "work out a lesser price for the filing fee" and if he cannot, he would like to "just call the lawsuit off." (D.I. 5.)

**II. STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.  When a prisoner seeks redress from a government defendant in a

civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any

time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted

or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it

"lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Fullman v.*

*Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)

(citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).  The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff.  *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406

(2002).  A complaint must contain "'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.  A complaint does

not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  *Id.* at 1965 (citations omitted).  The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (citations

omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an

-2-

entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at *5 (3d

Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the

requirement that he or she provide not only "fair notice," but also the "grounds" on which the

claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim

requires a complaint with enough factual matter (taken as true) to suggest' the required element."

*Phillips v. County of Allegheny*, – F.3d –, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct.

at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of' the necessary element." *Id.* Because the plaintiff proceeds *pro se*, his pleading is

liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197,

2200 (2007) (citations omitted).

## III. DISCUSSION

A civil rights complaint must state the conduct, time, place, and persons responsible for

the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing

*Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State

Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff

must allege that some person has deprived him of a federal right, and that the person who caused

the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Even when reading the complaint in the most favorable light to Mason, he fails to state an

actionable constitutional claim against any of the defendants. The allegations are vague and do

not apprise the defendants when the alleged conduct occurred or which of the defendants are

-3-

response for the alleged acts. Mason is obligated to provide the grounds of his entitlement to relief, but he fails to do so.

Mason also advises that if he cannot get his filing fee reduced, he would like to dismiss the case. Section 1915 provides that if a prisoner brings a civil action *in forma pauperis*, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Mason opted to file this lawsuit, and he is required by statute to pay the filing fee. 28 U.S.C. § 1914; 28 U.S.C. § 1915. The court is statutorily required to collect the filing fee and cannot negotiate the amount.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Mason will be given leave to amend his complaint. The motion for relief from the filing fee will be denied. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Feb 25 , 2008
Wilmington, Delaware

FILED

DISTRICT COURT
DISTRICT OF DELAWARE

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARQUIS MASON,                               )
                                            )
            Plaintiff,                       )
                                            )
    v.                                       ) Civ. Action No. 07-777-GMS
                                            )
WARDEN RAPHEAL WILLIAMS,                     )
SUPERVISOR JILL WALTERS, and                 )
MEDICAL COMMITTEE,                           )
                                            )
            Defendants.                      )

**ORDER**

At Wilmington this 25th day of February 2008, for the reasons set forth in the

Memorandum issued this date

1.  The letter/motion for relief from the filing fee (D.I. 5) is **denied**.

2. The complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)

and § 1915A(b)(1).

3.  Mason is given leave to amend the complaint.  The amended complaint shall be filed

within **thirty days** from the date of this order.  If an amended complaint is not filed within the

time allowed, then the case will be closed.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE